Chad M. Hagan (*pro hac vice*)
Christine D. Willetts (*pro hac vice*)
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

John Petriello (JJP-6545)
LEVY, EHRLICH & PETRIELLO
60 Park Place
Newark, New Jersey 07102
Telephone: (973) 854-6700
Facsimile: (973) 596-1781

Attorneys for Plaintiffs
ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.
and NAGRASTAR LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR LLC, a Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MUNID RAMKISSOON, an individual, OOTRA RAMKISSOON, an individual, and DOES 1-10,<br><br>Defendants. | Civil Action No. 2:09-CV-06135-DRD-MAS<br><br>**LETTER ROGATORY AND REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>**Re: Ravindranauth Ramkissoon** |

TO THE SUPERIOR COURT OF ONTARIO, CANADA:

WHEREAS, it appears to the District Court of the United States, District of New Jersey, that Ravindranauth Ramkissoon, with an address of 2901 Jane Street, Unit 91, Toronto, Ontario M3N 2J8, is a material witness in a certain action now pending in our court between Plaintiffs

1

DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC ("Plaintiffs" or "DISH") and Defendants Munid Ramkissoon, Ootra Ramkissoon, and Does 1-10 ("Defendants"), and that the personal attendance of said witness cannot be procured at trial of said action, we hereby appoint a commissioner, court reporter, stenographer or any person authorized to administer oaths or their equivalent by the laws of Canada or the United States, to take the testimony of said witness and we, in confidence of your prudence and fidelity, hereby request that you assist in compelling the said witness to give testimony and produce documents and records.

## I. SUMMARY OF ACTION

1. Plaintiffs' claims against Munid and Ootra Ramkissoon arise out of their participation in an unlawful scheme to assist others in the unauthorized receipt of DISH Network programming through the distribution of Plaintiffs' control words (a technological measure that ensures viewing entitlement) via an IKS (or internet key sharing) server. Plaintiffs' filed this lawsuit on December 4, 2009, asserting claims for violation of the Digital Millennium Copyright Act ("DMCA"), the Communications Act, and the Electronic Communications Privacy Act ("ECPA").

2. Plaintiffs represented to the Court that Ravindranauth Ramkissoon has material information related to the pending action and that, without his testimony and documents and records within his possession or control, justice cannot completely be done between the parties. In particular, Plaintiffs represented that Ravindranauth Ramkissoon is believed to have knowledge of Defendants' use of their DISH Network account to distribute Plaintiffs' control words and knowledge of the operation of the IKS server served by Defendants' DISH Network equipment.

3. Plaintiffs requested that this Court issue a Letter Rogatory and seek your assistance in obtaining documents and records and deposition testimony from Ravindranauth Ramkissoon.

## II. DOCUMENTS AND WITNESS REQUESTED

### A. Documents and Records Requested

4. The Court requests assistance in compelling production of the following documents and records in the possession or control of Ravindranauth Ramkissoon:

    a. Documents and records relating to the piracy of DISH Network programming;

    b. Documents and records relating to FTA receivers;

    c. Documents and records relating to control words;

    d. Documents and records relating to internet key sharing ("IKS") or control word sharing;

    e. Documents and records relating to IKS servers;

    f. Documents and records relating to 5 Seasons Glen Drive, Morris Plains, New Jersey 07950;

    g. Documents and records relating to Munid and Ootra Ramkissoon's subscription for DISH Network programming;

    h. Documents and records relating to the equipment on Munid and Ootra Ramkissoon's DISH Network account;

    i. Documents and records relating to any contracts and/or agreements with Munid Ramkissoon, Ootra Ramkissoon, and/or anyone in their household; and

      j.      Documents and records relating to payments to Munid Ramkissoon, Ootra Ramkissoon, Keshan Ramkissoon, and/or anyone in their household;

B.    <u>Witness Requested</u>

5.    The Court requests assistance in compelling the following testimony from Ravindranauth Ramkissoon:

    a.    Testimony regarding Ravindranauth Ramkissoon's relationship with Defendants Munid and Ootra Ramkissoon and all persons in their household;

    b.    Testimony regarding Munid and Ootra Ramkissoon's DISH Network account and all persons with access thereto;

    c.    Testimony regarding any equipment related to Munid and Ootra Ramkissoon's DISH Network account and all persons with access thereto;

    d.    Testimony regarding FTA receivers;

    e.    Testimony regarding internet key sharing ("IKS") piracy;

    f.    Testimony regarding control words;

    g.    Testimony regarding IKS servers;

    h.    Testimony regarding all shipments to and from 5 Seasons Glen Drive, Morris Plains, New Jersey 07950;

    i.    Testimony regarding payments and transactions between Ravin Ramkissoon and Munid and Ootra Ramkissoon, Keshan Ramkissoon and/or anyone within their household;

    j.    Testimony regarding piracy of DISH Network programming.

4

6. Plaintiffs maintain that the evidence sought from these documents and records, and from this witness is relevant to its allegations, is necessary for trial, and is not otherwise obtainable unless the Superior Court of Ontario, Canada provides assistance to this Court.

7. We request that the testimony of said witness be taken under oath or affirmation upon oral examination by counsel for Plaintiffs before the appointed commission, court reporter, stenographer, or other authorized person, and such oral examination be recorded stenographically, with a written transcript signed by the same witness.

8. Plaintiffs maintain that, because said witness is also a defendant in an action brought by Plaintiffs, the credibility of said witness is at issue. Therefore, in addition to the customary transcript of evidence, we request that the testimony of said witness also be recorded by videotape. In addition, we request the witness be given Thirty (30) days to review his testimony and make any necessary corrections.

9. We further request that the appointed commission, court reporter, stenographer, or other authorized person return the same written transcript and videotape with his or her certificate that the deposition is a true record of the testimony given by the witness, annexed to this letter of request, unto counsel for the Plaintiffs to said action, with all convenient speed, and enclosed under seal.

10. We further request that counsel for any party may appear and participate at the oral deposition, if they so choose, in person, by telephone, video conference, or other electronic means, provided proper notice is effected and the party makes the arrangements and pays for the expenses incurred for the appearance.

11. This Letter Rogatory is signed and sealed by Order of the Court made on the date set forth below:

Dated: _____ 12, 2010.

_____
United States Magistrate Judge

Clerk of Court

By: _____

Deputy Clerk: _____

Seal:

Authentication of Clerk of Court Seal

_____
United States Magistrate Judge

Final Authentication of Clerk of Court:


Clerk of Court

By: _____

Deputy Clerk: _____



Seal: